An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

AMERICAN FAMILY MUTUAL INSURANCE DOING BUSINESS AS AMERICAN FAMILY MUTUAL INSURANCE, A WISCONSIN CORPORATION,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE ROB BARE, DISTRICT JUDGE,
Respondents,
and
CYNTHIA VOGL,
Real Party in Interest.

No. 62588

FILED

SEP 26 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER DENYING PETITION FOR WRIT OF MANDAMUS

This is an original petition for a writ of mandamus challenging a district court order denying a motion to disqualify counsel in a bad-faith insurance action.

"A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) (citations omitted); *see* NRS 34.160. It is within this court's discretion to determine whether a writ petition will be considered. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Petitioner bears the burden of demonstrating that this court's extraordinary intervention is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). Because mandamus is

SUPREME COURT
OF
NEVADA

(O) 1947A

13-28817

the appropriate vehicle for challenging orders resolving motions that seek to disqualify counsel, this writ petition is properly before this court. *Nev. Yellow Cab Corp. v. Eighth Judicial Dist. Court*, 123 Nev. 44, 49, 152 P.3d 737, 740 (2007).

An attorney in Nevada may be disqualified from representing a client adverse to a former client if (1) an attorney-client relationship existed, (2) the current and former matters are substantially related, and (3) the current representation is adverse to the former client. *Id.* at 50, 152 P.3d at 741. Petitioner and real party in interest Cynthia Vogl acknowledge that the first and third elements are met and only the second element is at issue. A current matter is substantially related to a former matter when, in light of the scope of the former representation, it would be reasonable to infer that the attorney acquired confidential information that is relevant to the issues raised in the current matter. *Id.* at 52, 152 P.3d at 742.

At the outset of the hearing on petitioner's motion to disqualify Prince, respondent District Court Judge Rob Bare disclosed to the parties that he had been involved in drafting the current version of NRPC 1.9, which governs an attorney's duties to his former clients. At the district court hearing and in the parties' briefs before this court, the parties generally agreed as to the scope of attorney Dennis Prince's former representation of petitioner; Prince represented petitioner in numerous cases from 2003 to 2010, including defending petitioner in cases similar to this one involving insurance bad-faith claims. The parties also agree that Prince did not acquire any confidential information specific to Vogl's claim, demands, or litigation. Petitioner argues that Prince acquired confidential knowledge of its inner workings and patterns and practices and that this

knowledge is relevant to Vogl's case. On behalf of Vogl, Prince argues that he acquired no particularized knowledge about petitioner's actions in Vogl's specific case, the current and former representations had only superficial similarities, and he otherwise gained only general knowledge about insurance industry practices and customs. The district court found that the information Prince acquired from petitioner was not substantially related to Vogl's specific case.

Having considered the parties' arguments and petitioner's appendix, we are not persuaded that the district court acted arbitrarily or capriciously when it denied petitioner's motion to disqualify Vogl's counsel. *Nev. Yellow Cab Corp.*, 123 Nev. at 54, 152 P.3d at 743. Accordingly, we

ORDER the petition DENIED.

_____, J.
Parraguirre

_____, J.
Cherry

HARDESTY, J., dissenting:

I respectfully dissent. Prince formerly represented petitioner in various bad-faith insurance cases and it is reasonable to infer that Prince gained confidential information about petitioner's former patterns and practices in defending such cases and about the culture in which petitioner handled the underlying claims. In this case, on behalf of Vogl, Prince propounded broad discovery seeking documents from petitioner concerning various policies and procedures that were in place during the

time when Prince represented petitioner. In opposing petitioner's motion for a protective order, Prince argued that such discovery was relevant and necessary because "[t]he manner and culture in which [petitioner] handles other similar claims is relevant to this case because such information goes to show whether or not [petitioner] acted reasonably in **this** case." Through these discovery requests and his argument, Prince has rendered the knowledge he gained in his former representation relevant to Vogl's case. Thus, the current litigation is substantially related to Prince's former representation of petitioner and Prince's disqualification was required under NRPC 1.9. *Nev. Yellow Cab Corp. v. Eighth Judicial Dist. Court*, 123 Nev. 44, 52, 152 P.3d 737, 742 (2007); *Waid v. Eighth Judicial Dist. Court*, 121 Nev. 605, 610, 119 P.3d 1219, 1223 (2005). Any doubts about what confidential information Prince may have gained and its relevance to this case should be resolved in favor of disqualification. *Nev. Yellow Cab Corp.*, 123 Nev. at 53, 152 P.3d at 743. Accordingly, I would grant the petition because petitioner demonstrated all of the factors pertinent to disqualification. *Id.* at 50-52, 152 P.3d at 741-42. For these reasons, I dissent.

_____, J.
Hardesty

cc:    Hon. Rob Bare, District Judge
       Bremer Whyte Brown & O'Meara, LLP
       Prince & Keating, LLP
       Eighth District Court Clerk